UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROSENBERG-WOHL, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>STATE FARM FIRE AND CASUALTY COMPANY, <br><br>　　　　Defendant. | Case No. 20-cv-09316-DMR <br><br>**ORDER GRANTING MOTION TO DISMISS** <br><br>Re: Dkt. No. 11 |

Plaintiff Katherine Rosenberg-Wohl filed a complaint against State Farm Fire and Casualty Company ("State Farm"), alleging it breached her State Farm homeowner's insurance policy. State Farm now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the first amended complaint ("FAC"). [Docket No. 11.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.   BACKGROUND**

　**A.   Factual Background**

Rosenberg-Wohl makes the following allegations in the FAC, all of which are taken as true for purposes of this motion.[1] Rosenberg-Wohl owns a house that is insured by a State Farm homeowner's policy. [Docket No. 9 (FAC) ¶ 1.] She has always kept the house in good repair. *Id*. at ¶ 2. In approximately 2019, she noticed that elderly neighbors "began having difficulty" with the stairs in front of her house, including difficulty descending the stairs. *Id*. at ¶¶ 3, 5. On occasion they lost their balance and fell or stopped themselves from falling by grasping the

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

handrail. Rosenberg-Wohl became concerned about their safety, "as falling had begun to occur and injury was imminent," as well as "the possibility of a liability claim under policies also underwritten by" State Farm. *Id.* at ¶ 3.

Rosenberg-Wohl had a building contractor inspect the stairs. The contractor "noted the need to repair and/or replace them at that time." Rosenberg-Wohl "immediately undertook to repair/replace her stairs and immediately contacted [State Farm], on or about April 23, 2019." *Id.* at ¶ 4. Her "understanding is that some portion of the staircase had just settled." *Id.* Following the staircase replacement, which cost nearly $70,000, a State Farm representative met Rosenberg-Wohl's husband in front of the house on or about July 23, 2019. The representative "looked at the (now) new staircase and spoke with [the husband] for a minute or two," but did not inspect the stairs or ask for information about the neighbors or contractors. *Id.* at ¶¶ 5, 14.

On August 9, 2019, Rosenberg-Wohl submitted a formal claim to State Farm under her homeowner's policy, No. 05-CZ-6166-9, claiming "as a loss the safe egress from her house (by way of her staircase) and the risk of resulting injury." *Id.* at ¶ 6. State Farm denied the claim on August 26, 2019 on the ground "that there was 'no evidence of a covered cause or loss nor any covered accidental direct physical loss to the front exterior stairway.'" It further stated that Rosenberg-Wohl's policy "excludes coverage for this type of damage," identifying five categories of damage excluded from coverage:

> i. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
>
> ii. corrosion, electrolysis or rust;
>
> iii. wet or dry rot;
>
> iv. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings; [and]
>
> v. fungus[.]

*Id.* at ¶ 7.

At some point in 2020, Rosenberg-Wohl made a "follow-up inquiry" with State Farm. On August 10, 2020, Rita Lee, a State Farm representative, left Rosenberg-Wohl a telephone message in response to her inquiry. Rosenberg-Wohl alleges that Lee "referred to [Rosenberg-Wohl's]

2

claim as 'reopened' and [stated she] wanted to address questions [Rosenberg-Wohl] had about coverage before [Rosenberg-Wohl] would 'move forward with the next step.'" *Id*. at ¶ 8. Rosenberg-Wohl alleges on information and belief that State Farm reopened her claim "as a result of the longstanding relationship between" Rosenberg-Wohl and State Farm "across a host of insurance policies," and that "[a]ny reasonable person in [Rosenberg-Wohl's] position would so believe." *Id*.

On August 24, 2020, Rosenberg-Wohl's counsel spoke with Lee. Lee stated that State Farm "had reopened the claim 'for some reason'" and "referenced the notes and photos of the 'prior adjuster.'" Lee said the adjuster's notes "mentioned the safety issue but gave no indication of imminence—[Lee] specifically said those notes did not refer to any neighbor tripping coming down the stairs." *Id*. at ¶ 9. Lee also "acknowledged that the items listed as 'this type of damage' did not match the conversation referenced in the notes but said 'we just put it all in.'" *Id*. During this conversation, Lee stated State Farm's belief that the "cause of loss" was "wear and tear," and that "[w]hat [Rosenberg-Wohl] had claimed, she said, was just 'preventative.'" *Id*. at ¶ 10.

Immediately following the August 24, 2020 conversation, Lee issued a denial of Rosenberg-Wohl's claim. The denial stated, "[b]ased on the investigation findings, there was no evidence of a covered cause for accidental direct physical damage to the property," and "[t]he policy does not provide coverage for preventative nor safety measures to the property. Maintenance would be the responsibility of the property owner to properly maintain the property to keep it safe." *Id*. at ¶ 11. The denial did not address Rosenberg-Wohl's "point that her repair was not maintenance—stumbling on the stairs had recently been occurring, indicating that danger was manifest and that further injury was imminent"; instead, Lee "simply denied the claim on the basis of management's approval of the earlier outright denial." *Id*. at ¶¶ 12, 13.

Rosenberg-Wohl alleges two claims for relief: 1) breach of contract, based on State Farm's refusal to "properly compensate [her] for expenses incurred due to a covered loss to property," FAC ¶ 18; and 2) tortious breach of the implied covenant of good faith and fair dealing in an insurance contract.

3

### B. Procedural History

Rosenberg-Wohl filed the complaint on October 22, 2020 in San Francisco Superior Court. [Docket No. 1 (Notice of Removal) ¶ 1.] State Farm removed the action to this court under diversity jurisdiction on December 23, 2020. State Farm moved to dismiss the complaint and Rosenberg-Wohl timely filed the FAC pursuant to Rule 15(a)(1)(B). [Docket No. 9.] State Farm now moves to dismiss the FAC.

One of the arguments raised by State Farm is now moot. State Farm originally argued that the FAC should be dismissed under Rule 12(b)(7) for failure to join David M. Rosenberg-Wohl as a necessary indispensable party. He is a named insured person under the policy at issue in this action. Mot. 21-22. After the briefing was complete, the parties submitted a stipulation that David M. Rosenberg-Wohl, identified as Katherine Rosenberg-Wohl's husband and attorney, "agrees to be bound by any judgment entered in" this case and that State Farm withdraws its motion to dismiss under Rule 12(b)(7). [Docket No. 18.]

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by

*Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## III.  REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

State Farm asks the court to take judicial notice of four documents in ruling on the motion to dismiss. [Docket No. 11-1 (Request for Judicial Notice, "RJN").] It contends that the documents are either judicially noticeable or incorporated by reference in the FAC. Rosenberg-Wohl does not object to the request.

### A. Legal Standard

A district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Branch*, 14 F.3d at 453. If "matters outside the pleading are presented to and not excluded by the court," the court must treat the motion as a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "Both of these procedures permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Ninth Circuit has cautioned courts about the appropriate use of judicial notice and the incorporation by reference doctrine when ruling on Rule 12(b)(6) motions:

5

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. . . . If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.

*Id.* (internal citations omitted).

Federal Rule of Evidence 201 governs judicial notice. Under Rule 201, a court may take judicial notice of "an adjudicative fact if it is 'not subject to reasonable dispute.'" *Id*. at 999 (quoting Fed. R. Evid. 201(b)). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, it may not take judicial notice of disputed facts stated in public records. *Lee*, 250 F.3d at 690. "Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. If a court takes judicial notice of a document, it must identify the specific fact or facts it is noticing from the document. *Id*.

In contrast, the incorporation by reference doctrine is "a judicially-created doctrine that treats certain documents as though they are part of the complaint itself." *Id*. at 1002. This is to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions that weaken—or doom—their claims." *Id*. Incorporation by reference is appropriate "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. at 1002 (quoting *Ritchie*, 342 F.3d at 907). However, if a document "merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Id*. Further, "the mere mention of the existence of a

1   document is insufficient to incorporate the contents of a document." *Id.* (quoting *Coto Settlement*

2   *v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). The Ninth Circuit has instructed that "the

3   doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.*

4   Thus, "while a court "may assume [an incorporated document's] contents are true for purposes of

5   a motion to dismiss under Rule 12(b)(6) . . . it is improper to assume the truth of an incorporated

6   document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*;

7   *see also id.* at 1014 ("The incorporation-by-reference doctrine does not override the fundamental

8   rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the

9   pleading stage.").

## B.     Discussion

Exhibit A to the RJN is State Farm's Homeowner's Policy Number 05-CZ-6166-9 issued to Katherine Rosenberg-Wohl and David Rosenberg-Wohl for the policy term December 14, 2018 to December 14, 2019 for 3080 and 3082 Washington Street, San Francisco, California. [Docket No. 11-2 (Moore Decl., Dec. 29, 2020) ¶ 3, Ex. A (Policy).] State Farm contends that this is the homeowner's policy to which the FAC refers and asks the court to take judicial notice of the policy under the incorporation by reference doctrine. RJN 2-3. State Farm's request conflates two doctrines. The document is not judicially noticeable. However, it is appropriate to consider the policy under the incorporation by reference doctrine, as the policy is central to the allegations in the FAC and forms the basis of Rosenberg-Wohl's claims. Rosenberg-Wohl does not dispute its authenticity. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

State Farm next asks the court to take judicial notice of Rosenberg-Wohl's complaint and FAC in this case. RJN 1. The court denies the request as moot, as they are already part of the record of this case.

Finally, State Farm asks the court to take judicial notice of a May 13, 2019 building permit issued for construction work at 3080 Washington Street, San Francisco, California. RJN 2. As the court does not rely on this document in deciding this motion, the request is denied as moot.[2]

---

[2] On August 3, 2021, after the briefing on the motion to dismiss the FAC was complete, State Farm filed a supplemental request for judicial notice. [Docket No. 29.] As the court does not rely

7

## IV. DISCUSSION

State Farm moves to dismiss the FAC as time-barred under the terms of the policy, which contains the following one-year limitation provision:

> 6. **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

Policy Section 1, Conditions, ¶ 6 (ECF p. 30) (the "Suit Against Us" provision). The FAC alleges that Rosenberg-Wohl noticed "[i]n approximately 2019" that her elderly neighbors "began having difficulty with the stairs" and that she "undertook to repair/replace her stairs and immediately contacted [State Farm], on or about April 23, 2019." FAC ¶¶ 3, 4. The staircase was replaced by July 23, 2019. *See id*. at ¶ 5 (alleging that a State Farm representative "looked at the (now) new staircase" from the sidewalk on or about July 23, 2019).

State Farm argues that under the Suit Against Us provision, Rosenberg-Wohl was required to file suit against State Farm within one year of the date of "loss or damage," which it contends is the date Rosenberg-Wohl "identified the harm and started to replace the stairs." Mot. 11. Therefore, according to State Farm, Rosenberg-Wohl was required to file any lawsuit to recover under the policy within one year after she began to replace the stairs, or by April 23, 2020 at the latest. Mot. 11. She did not file the instant action until October 22, 2020, over 17 months later. Accordingly, State Farm argues the entire action is time-barred by the Suit Against Us provision. *Id*.

Rosenberg-Wohl does not dispute the existence or meaning of the Suit Against Us provision in the policy. Nor does she dispute State Farm's contention that the one-year limitations period began to run on April 23, 2019, the date she alleges she was aware of the problem with the stairs and began to replace them. Instead, she argues that her claims are not time-barred because State Farm reopened her claim in August 2020 and thus waived any argument based on the Suit Against Us provision. Opp'n 8. She points to the allegations in the FAC that State Farm representative Rita Lee left her a message on August 10, 2020 referring to the insurance claim as

---

on these materials in dismissing the FAC, the request is denied as moot.

8

"reopened"; that "[a]ny reasonable person in [Rosenberg-Wohl's] position would" believe that State Farm had reopened her claim; and that on August 24, 2020, Lee spoke with Rosenberg-Wohl's counsel and "reiterated that [State Farm] had reopened the claim 'for some reason.'" *Id.* (citing FAC ¶¶ 8, 9). According to Rosenberg-Wohl, these allegations are sufficient to allege that State Farm waived the one-year limitations period. Opp'n 8. She further argues that "questions of waiver depend upon State Farm's intent and that is a question for discovery and summary judgment." *Id*.

Rosenberg-Wohl's position lacks merit. California courts have long recognized the validity of insurance policy provisions requiring a legal action to be filed within one year after "the happening of a loss." *See, e.g., C & H Foods Co. v. Hartford Ins. Co.*, 163 Cal. App. 3d 1055, 1064 (1984). The Ninth Circuit has noted that the purpose of suit limitation clauses is to "preclude stale claims, require the insured's diligence, and prevent fraud." *Keller v. Federal Insurance Company*, 765 Fed. Appx. 271, 272 (9th Cir. 2019). The limitations period is tolled "from the time an insured gives notice of the damage to his insurer, pursuant to applicable policy notice provisions, until coverage is denied." *Prudential-LMI Com. Ins. v. Superior Ct.*, 51 Cal. 3d 674, 693 (1990). Here, the one-year limitations period in the Suit Against Us provision began running as of "the date of loss or damage." *See, e.g., Keller*, 765 Fed. Appx. at 273 (holding that insurance coverage action was untimely where it was filed more than "one year after the loss occurred," which was when plaintiffs "noticed the cupping of their floors" as a result of flooding). It is not tied to the date that Rosenberg-Wohl submitted the claim to State Farm or the date that State Farm reopened the claim. *Abari v. State Farm Fire & Cas. Co.*, 205 Cal. App. 3d 530, 535 (1988) ("it is the occurrence of some . . . cognizable event rather than knowledge of its legal significance that starts the running of the stature of limitations"). As noted, Rosenberg-Wohl does not dispute State Farm's contention that the one-year limitations period began to run on April 23, 2019. The FAC alleges that Rosenberg-Wohl submitted a formal claim for insurance benefits on August 9, 2019, and that State Farm denied the claim 17 days later, on August 26, 2019. FAC ¶¶ 6, 7. The limitations period was thus tolled by 17 days and expired on May 10, 2020. As a result, Rosenberg-Wohl's complaint, which was filed on October 22, 2020, was untimely.

As to waiver, Rosenberg-Wohl's position is that State Farm waived its right to assert the Suit Against Us provision by reopening the claim in August 2020 and failing to raise the one-year limitations period at that time. *See* Opp'n 8 ("Plaintiff has sufficiently alleged that State Farm has chosen, intentionally, not to rely upon the statute of limitations in dealing with Plaintiff's claim."). "It is settled law that a waiver exists whenever an insurer intentionally relinquishes its right to rely on" a limitations provision in an insurance contract. *Prudential-LMI*, 51 Cal. 3d at 689. "For example, if the insurer expressly extends the one-year suit provision during its claim investigation, the insurer waives its right to raise a timeliness defense to the insured's action." *Id*. at 690. However, "similar conduct by the insurer *after* the limitation period has run—such as failing to cite the limitation provision when it denies the claim, failing to advise the insured of the existence of the limitation provision, or failing to specifically plead the time bar as a defense—cannot, as a matter of law, amount to a waiver or estoppel." *Id*. at 690 n.5 (emphasis in original) (citing *Becker v. State Farm Fire & Casualty Co.*, 664 F. Supp. 460, 461-62 (N.D. Cal. 1987)); *see Safeco Ins. Co. v. Morrell*, 936 F.2d 579, 1991 WL 106292, at *2 (9th Cir. Jun. 18, 1991) (holding that letter that "acted to lull [the plaintiff] into delaying the filing of suit" could not have resulted in waiver or estoppel with respect to 12-month limitations period where the letter "was written after the 12-month limitation period had run" (citations omitted)).

Here, the FAC does not allege that State Farm ever expressly extended the one-year limitations period in the Suit Against Us provision. Instead, Rosenberg-Wohl relies solely on State Farm's August 2020 alleged reopening of the claim to support her waiver argument. However, as set forth above, the one-year limitations period expired on May 10, 2020. The reopening of the claim thus took place *after* the one-year period had run. It cannot amount to waiver as a matter of law. *See Prudential-LMI*, 51 Cal. 3d at 690 n.5; *Gordon v. Deloitte & Touche, LLP Grp. Long Term Disability Plan*, 749 F.3d 746, 752 (9th Cir. 2014) (stating that "[u]nder California law, an insurance company cannot waive the statute of limitations after the limitations period has run." (citing *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir. 1995)). Cases in which courts have held that insurers have waived the one-year limitations period "involve situations where the carrier engaged in affirmative acts—such as promising to pay the claim or

10

refusing to provide the insured with a copy of the policy that shows the twelve month bar—to induce the insured to delay filing suit beyond the limitations period." *Stinson v. Home Ins. Co.*, 690 F. Supp. 882, 885 (N.D. Cal. 1988) (citing *Muraoka v. Budget Rent–A–Car*, 160 Cal. App. 3d 107, 116 (1984)). The FAC does not allege that State Farm took any such affirmative actions that induced Rosenberg-Wohl to delay filing this lawsuit.

In sum, Rosenberg-Wohl's breach of contract claim is time-barred as it was not filed within the one-year limitations period set forth in the Suit Against Us provision. The breach of the implied covenant of good faith and fair dealing is also time-barred. *See, e.g., Sullivan v. Allstate Ins. Co.*, 964 F. Supp. 1407, 1414-15 (C.D. Cal. 1997) (granting summary judgment on claims sounding in both contract and tort because they were time-barred; holding that all claims were "'on the policy' and therefore subject to the one-year contractual limitations period"). The FAC is therefore dismissed.[3] Leave to amend may be denied "where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). As the court cannot say that amendment would be futile, Rosenberg-Wohl is granted leave to amend.

## V.   CONCLUSION

For the foregoing reasons, the FAC is dismissed. Any third amended complaint must be filed within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: September 17, 2021



Donna M. Ryu
United States Magistrate Judge

---

[3] As the court finds that the FAC is time-barred, it does not reach State Farm's remaining arguments in favor of dismissal.

11