UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROSENBERG-WOHL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　Defendant. | Case No. 20-cv-09316-DMR<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 33 |

Plaintiff Katherine Rosenberg-Wohl filed a complaint against State Farm Fire and Casualty Company ("State Farm"), alleging it breached her State Farm homeowner's insurance policy. State Farm now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the second amended complaint ("SAC"). [Docket No. 33.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.  BACKGROUND**

　**A.  Factual Background**

Rosenberg-Wohl makes the following allegations in the SAC, all of which are taken as true for purposes of this motion.[1] Rosenberg-Wohl owns a house that is insured by a State Farm homeowner's policy. [Docket No. 32 (SAC) ¶ 1.] She has always kept the house in good repair. *Id.* at ¶ 2. In approximately 2019, she noticed that elderly neighbors "began having difficulty" with the stairs in front of her house, including difficulty descending the stairs. *Id.* at ¶ 3. On occasion they lost their balance and fell or stopped themselves from falling by grasping the

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

handrail. Rosenberg-Wohl became concerned about their safety, "as falling had begun to occur and injury was imminent," as well as "the possibility of a liability claim under policies also underwritten by" State Farm. *Id*. at ¶ 3.

Rosenberg-Wohl had a building contractor inspect the stairs. The contractor "noted the need to repair and/or replace them at that time." Rosenberg-Wohl "immediately undertook to repair/replace her stairs and immediately contacted [State Farm], on or about April 23, 2019." *Id*. at ¶ 4. Her "understanding is that some portion of the staircase had just settled." *Id*. Following the staircase replacement, which cost nearly $70,000, a State Farm representative met Rosenberg-Wohl's husband in front of the house on or about July 23, 2019. The representative "looked at the (now) new staircase and spoke with [the husband] for a minute or two," but did not inspect the stairs or ask for information about the neighbors or contractors. *Id*. at ¶¶ 5, 25.

On August 9, 2019, Rosenberg-Wohl submitted a formal claim to State Farm under her homeowner's policy, No. 05-CZ-6166-9, claiming "as a loss the safe egress from her house (by way of her staircase) and the risk of resulting injury." *Id*. at ¶ 6. State Farm denied the claim on August 26, 2019 on the ground "that there was 'no evidence of a covered cause or loss nor any covered accidental direct physical loss to the front exterior stairway.'" It further stated that Rosenberg-Wohl's policy "excludes coverage for this type of damage," identifying five categories of damage excluded from coverage:

> i. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
>
> ii. corrosion, electrolysis or rust;
>
> iii. wet or dry rot;
>
> iv. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings; [and]
>
> v. fungus[.]

*Id*. at ¶ 7.

In its August 26, 2019 denial letter, State Farm notified Rosenberg-Wohl of the statute of limitations provision in the policy, as follows:

> Suit Against Us. No action shall be brought unless there has been

2

> compliance with the policy provisions. The action must be started within one year after the date of loss or damage. . . . [t]he one-year period referred to does not include the time we take to investigate your claim. The time from the date of loss (April 23rd, 2019) to the date you reported your claim to your agent does count in computing the amount of time that has already expired. The suit limitation period is again running as of the date of this letter.

*Id*. at ¶ 8. Rosenberg-Wohl alleges that "State Farm's position that the statute of limitations began running on April 23, 2019 is erroneous" because "date of loss" is "ambiguous under the policy" and "'loss' is not a defined term in the context of property damage[.]" According to Rosenberg-Wohl, "loss" could "mean knowledge that money spent and expected to be reimbursed would not in fact be reimbursed," and under such a definition, the date of loss was August 26, 2019, the date of State Farm's denial letter. *Id*. at ¶ 11. She further alleges that her position about the date of loss is supported by California law regarding the accrual of a claim, citing *Pooshs v. Philip Morris USA, Inc*., 51 Cal. 4th 788, 797 (2011). *Id*. at ¶ 12.

Rosenberg-Wohl also alleges that "State Farm expressly extended the running of the statue for [her] claim here." Specifically, on August 10, 2020, Rita Lee, a State Farm representative, left Rosenberg-Wohl a telephone message in response to her inquiry. Rosenberg-Wohl alleges that Lee "stated that State Farm had 'reopened'" the claim and stated she "was making herself available to address and possibly resolve any questions [Rosenberg-Wohl] had about coverage before [Rosenberg-Wohl] might want to 'move forward with the next step.'" *Id*. at ¶¶ 13, 14. According to Rosenberg-Wohl, "'reopened' clearly indicates a decision made by State Farm to reconsider a claim that could have been considered time barred but had received special approval to re-adjudicate." *Id*. at ¶ 15.

On August 24, 2020, Rosenberg-Wohl's counsel spoke with Lee. Lee stated that State Farm "had reopened the claim 'for some reason.'" Rosenberg-Wohl alleges that Lee's "choice of words . . . confirmed that State Farm had abandoned any statute of limitations claim." *Id*. at ¶ 19. Immediately following the August 24, 2020 conversation, Lee issued a denial of Rosenberg-Wohl's claim. The denial stated, "[b]ased on the investigation findings, there was no evidence of a covered cause for accidental direct physical damage to the property," and "[t]he policy does not provide coverage for preventative nor safety measures to the property. Maintenance would be the

3

1  responsibility of the property owner to properly maintain the property to keep it safe." *Id*. at ¶ 20.

2  The denial did not address Rosenberg-Wohl's "point that her repair was not maintenance—

3  stumbling on the stairs had recently been occurring, indicating that danger was manifest and that

4  further injury was imminent"; instead, Lee "simply denied the claim on the basis of management's

5  approval of the earlier outright denial." *Id*. at ¶ 21.  The August 24, 2020 letter also contained no

6  language or statement about the statute of limitations, "confirm[ing] that State Farm had chosen to

7  stop the running of the statute and to communicate this to" Rosenberg-Wohl. *Id*. at ¶ 22.

8  Rosenberg-Wohl contends that whether the one-year statute of limitations is "calculated from

9  State Farm's communications with [her] on August 10 or 24, 2020," her lawsuit, which was filed

10 on October 22, 2020, was timely. *Id*. at ¶ 23.

11  The SAC alleges two claims for relief: 1) breach of contract, based on State Farm's refusal

12 to "properly reimburse [her] for expenses incurred due to a covered loss to property," SAC ¶ 30;

13 and 2) tortious breach of the implied covenant of good faith and fair dealing in an insurance

14 contract.

15  **B.  Procedural History**

16  Rosenberg-Wohl filed the complaint on October 22, 2020 in San Francisco Superior Court.

17 [Docket No. 1 (Notice of Removal) ¶ 1.]  State Farm removed the action to this court under

18 diversity jurisdiction on December 23, 2020.  State Farm moved to dismiss the complaint and

19 Rosenberg-Wohl timely filed the first amended complaint ("FAC") pursuant to Rule 15(a)(1)(B).

20 On September 17, 2021, the court dismissed the FAC with leave to amend on the ground that the

21 claims were time-barred.  *Rosenberg-Wohl v. State Farm Fire & Cas. Co.*, No. 20-CV-09316-

22 DMR, 2021 WL 4243389, at *7 (N.D. Cal. Sept. 17, 2021).  Rosenberg-Wohl timely filed the

23 SAC which State Farm now moves to dismiss.

24 **II.  LEGAL STANDARD**

25  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

26 the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

27 When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

28 of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (citation omitted),

4

1  and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of
2  "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular*
3  *Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662,
4  677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).
5  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to
6  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556
7  U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than
8  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."
9  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286
10 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by
11 *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).
12     As a general rule, a court may not consider "any material beyond the pleadings" when
13 ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted).
14 However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack*
15 *v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents
16 whose contents are alleged in a complaint and whose authenticity no party questions, but which
17 are not physically attached to the pleading," without converting a motion to dismiss under Rule
18 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.
19 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept
20 as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr*.
21 *Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## III. REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

State Farm asks the court to consider State Farm's Homeowner's Policy Number 05-CZ-6166-9 issued to Katherine Rosenberg-Wohl and David Rosenberg-Wohl for the policy term December 14, 2018 to December 14, 2019 for 3080 and 3082 Washington Street, San Francisco, California, under the incorporation by reference doctrine. [Docket No. 11-2 (Moore Decl., Dec. 29, 2020) ¶ 3, Ex. A (Policy).] It is appropriate to consider the policy as it is central to the allegations in the FAC and forms the basis of Rosenberg-Wohl's claims. Rosenberg-Wohl does

1  not dispute its authenticity.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

2  State Farm also asks the court to take judicial notice of a class action complaint filed by
3  Rosenberg-Wohl in San Francisco County Superior Court, Case No. CGC-20-587264, and a July
4  29, 2021 order granting State Farm's demurrer in that case. [Docket Nos. 29, 34.] As the court
5  does not rely on these materials in dismissing the SAC, the request for judicial notice is denied.

**IV. DISCUSSION**

State Farm moves to dismiss Rosenberg-Wohl's claims as time-barred under the terms of the policy. Mot. 16.[2] The policy contains the following one-year limitation provision:

> 6. **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

Policy Section I, Conditions, ¶ 6 (ECF p. 30) (the "Suit Against Us" provision). The SAC alleges that Rosenberg-Wohl noticed "[i]n approximately 2019" that her elderly neighbors "began having difficulty with the stairs" and that she "undertook to repair/replace her stairs and immediately contacted [State Farm], on or about April 23, 2019." FAC ¶¶ 3, 4. The staircase was replaced by July 23, 2019. *See id*. at ¶ 5 (alleging that a State Farm representative "looked at the (now) new staircase" from the sidewalk on or about July 23, 2019). Rosenberg-Wohl submitted a claim under the policy on August 9, 2019, which was denied on August 26, 2019. *Id*. at ¶¶ 6, 7.

State Farm argues that under the Suit Against Us provision, Rosenberg-Wohl was required to file suit against State Farm within one year from the date of "loss or damage," which it contends is April 23, 2019, the date Rosenberg-Wohl "knew of the damage and started to effect repairs." Mot. 17. It also contends that the one-year period was tolled for the 18 days between August 9, 2019 to August 26, 2019, which was the amount of time the claim was under consideration by State Farm. *Id*. at 9. Therefore, according to State Farm, Rosenberg-Wohl was required to file

---

[2] State Farm also argues that the SAC should be dismissed for several other reasons, none of which are briefed in the motion. Instead, it attempts to incorporate by reference arguments it raised in its motion to dismiss the FAC. *See* Mot. 8. This is an improper attempt to get around the page limits set forth in Civil Local Rule 7-2, which provides that a motion may not exceed 25 pages in length. The court will consider only those arguments contained in the instant motion to dismiss.

6

1  any lawsuit to recover under the policy within one year and 18 days after she began to replace the
2  stairs, or by May 11, 2020. *Id*. at 9, 16. She did not file the instant action until October 22, 2020.
3  Accordingly, State Farm argues the entire action is time-barred by the Suit Against Us provision.
4  *Id*.

5  In granting State Farm's motion to dismiss the FAC, the court noted that Rosenberg-Wohl
6  did not "dispute the existence or meaning of the Suit Against Us provision in the policy" or "State
7  Farm's contention that the one-year limitations period began to run on April 23, 2019, the date she
8  alleges she was aware of the problem with the stairs and began to replace them." *Rosenberg-*
9  *Wohl*, 2021 WL 4243389, at *5; *see, e.g., Abari v. State Farm Fire & Cas. Co.*, 205 Cal. App. 3d
10 530, 535 (1988) ("it is the occurrence of some . . . cognizable event rather than knowledge of its
11 legal significance that starts the running of the stature of limitations" for purposes of a one-year
12 commencement of suit provision in an insurance policy). Instead, she argued that "her claims are
13 not time-barred because State Farm reopened her claim in August 2020 and thus waived any
14 argument based on the Suit Against Us provision." *Rosenberg-Wohl*, 2021 WL 4243389, at *5
15 (citation omitted). The court rejected this argument, finding that 1) the one-year limitations period
16 expired on May 10, 2020[3] and 2) that State Farm's "reopening" of the claim in August 2020 "took
17 place after the one-year period had run" and "cannot amount to waiver as a matter of law." *Id*. at
18 *6 (citing *Prudential-LMI Com. Ins. v. Superior Court*, 51 Cal. 3d 674, 690 n.5 (1990) (citation
19 omitted)). Therefore, the claims in the FAC were time-barred. *Id*. at *6-7.

20 Rosenberg-Wohl takes different positions in the SAC. She now alleges that the true "date
21 of loss" was August 26, 2019, the date State Farm denied her claim, and that "without action on
22 State Farm's part, [any] action was to be filed [by] August 26, 2020." SAC 4, ¶¶ 8-12. She
23 further alleges that "State Farm expressly extended the running of the statute [of limitations]" by

---

[3] The court based its determination that the limitations period expired on May 10, 2020 on State Farm's position that the one-year period was tolled for the 17 days between August 9, 2019 and August 26, 2019. [*See* Docket No. 17 at 5 (asserting that Rosenberg-Wohl had until May 10, 2020 to file suit).] State Farm's position in the current motion is that 18 days elapsed between August 9, 2019 and August 26, 2019, and that the limitations period expired on May 11, 2020. Mot. 9. State Farm does not explain its change in position, and the resolution of the discrepancy is not material to the outcome of this motion. Accordingly, the court will use the later date, May 11, 2020, in this opinion.

7

1 reopening her claim and/or that it waived the statute of limitations by not mentioning it in its
2 August 2020 communications to her. *Id*. at ¶¶ 13-15, 22.

3       Rosenberg-Wohl's argument that the date of loss was the August 26, 2019 claim denial date goes like this. The Suit Against Us provision states that any action "must be started within one year after the date of loss or damage." State Farm's use of the phrase "loss or damage" differs from California's Standard Form Fire Insurance Policy, which provides that "[n]o suit or action for the recovery of any claim shall be sustainable . . . unless commenced within 12 months next after *inception of the loss*." Cal. Ins. Code § 2071 (emphasis added). Rosenberg-Wohl argues that State Farm "chose to add 'or damage' to its particular homeowner's policy," and that insertion of the word "'[o]r' means loss and damage are two different things that can happen at different times." Opp'n 2. She asserts that "the date of loss" is "the date of denial, because that is the date the homeowner learns that the money she has spent will not be reimbursed by her policy and that she has not just advanced funds but has experienced a loss of money." *Id*. She further argues that cases interpreting the term "inception of the loss" are inapposite because the policy at issue here uses a different term. *Id*. at 3 (citing, e.g., *Prudential-LMI*, 51 Cal. 3d at 683-84). Finally, Rosenberg-Wohl argues that "[i]f this Court is not convinced that State Farm's choice of language in *its* homeowner's policy is objectively and meaningfully different from the statutory language it chose not to use . . . then this policy language is ambiguous and parol evidence should be considered," and the court should allow the parties to conduct discovery on this issue. *Id*. at 5 (emphasis in original).

      Essentially, Rosenberg-Wohl's position is that the term "loss" means "denial of an insurance claim," and that in the alternative, the meaning of the term "loss" is ambiguous and cannot be resolved on a motion to dismiss.

      For its part, State Farm highlights use of the terms "damage" and "loss" in the section in which the Suit Against Us provision appears:

> 2. **Your Duties After Loss**. After a *loss* to which this insurance may apply, you shall see that the following duties are performed:
>
> > a. give immediate notice to us or our agent. Also notify the police if the *loss* is caused by theft. Also notify the credit card

8

>company or bank if the *loss* involves a credit card or bank fund transfer card;
>
>b. protect the property from further *damage* or *loss*, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;
>
>c. prepare an inventory of *damage*d or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of *loss* . . .
>
>d. as often as we reasonably require:
>
>>(1) exhibit the *damaged* property; . . .
>
>e. submit to us, within 60 days after the *loss*, your signed, sworn proof of *loss* which sets forth, to the best of your knowledge and belief:
>
>>(1) the time and cause of *loss*;
>>
>>. . .
>>
>>(3) other insurance which may cover the *loss*;
>>
>>. . .
>>
>>(5) specifications of any *damaged* building and detailed estimates for repair of the *damage*;
>>
>>(6) an inventory of *damaged* or stolen personal property described in 2.c.;
>>
>>(7) receipts for additional living expenses incurred and records supporting the fair rental value *loss*; and
>>
>>(8) evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of *loss*.
>
>. . .
>
>6. **Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of *loss* or *damage*.

Policy Section I, Conditions, ¶¶ 2, 6 (ECF pp. 29- 30) (emphasis added). According to State Farm, the terms "damage" and "loss" as used in this section refer to the harm sustained by the insured for which they seek insurance coverage. Reply 2. It also contends that "the definition of 'loss' is unambiguous as a matter of law," citing *Prudential LMI*. Reply 8.

9

Neither party addresses the standard for interpretation of contract language. As this court exercises diversity jurisdiction over this matter, California law governs the parties' dispute. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 (9th Cir. 2020). "Interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation." *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 647 (2003). Under California law, "[a] contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting." Cal Civ. Code § 1636. "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible." Cal. Civ. Code § 1639. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity," Cal. Civ. Code § 1638, and the words of a contract are to be understood in their "ordinary and popular sense unless used by the parties in a technical sense or a special meaning is given to them by usage." *Waller v. Truck Ins. Exch., Inc*., 11 Cal. 4th 1, 18 (1995).

"A policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable." *MacKinnon*, 31 Cal. 4th at 648. "An ambiguity may appear on the face of an agreement or extrinsic evidence may reveal a latent ambiguity." *Fremont Indem. Co. v. Fremont Gen. Corp.,* 148 Cal. App. 4th 97, 114 (2007) (citation omitted). However, "[a] party's assertion of ambiguity does not require the district court to allow additional opportunities to find or present extrinsic evidence" if the court considers the contract language and "concludes that the language is reasonably susceptible to only one interpretation." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1017-18 (9th Cir. 2012) (affirming dismissal under Rule 12(b)(6)). A court may reach that conclusion on a motion to dismiss. *Id*. (citing *Hervey v. Mercury Cas. Co.*, 185 Cal. App. 4th 954, 962-63 (2010) (holding that trial court properly dismissed plaintiff's complaint by taking judicial notice of contract terms and concluding they were not reasonably susceptible to plaintiff's proposed interpretation)).

The term "loss" as used in the Suit Against Us provision is not reasonably susceptible to Rosenberg-Wohl's interpretation, which is that "loss" means "date of denial of insurance coverage." Rosenberg-Wohl argues that the addition of the words "or damage" to the Suit Against

10

Us provision impacts the meaning of the term "loss" because "loss and damage are two different things that can happen at different times." Opp'n 2. She also contends that "[d]amage is defined as property damage." *Id*. But she does not explain how it follows that "loss" means "date of denial of insurance coverage." Nor does she support her position with reference to the policy's language or terms.

The language of the contract precludes Rosenberg-Wahl's interpretation. The relevant section of the policy lists an insured's "duties after loss," stating, "[a]fter *a loss to which this insurance may apply*, you shall see that the following duties are performed." Policy Section I, Conditions, ¶¶ 2, 6 (ECF p. 29) (emphasis added). Therefore, "loss" can only refer to the harm suffered for which the insured seeks coverage. "Loss" cannot be construed to mean the date that coverage is denied because the contract says that "loss" is something "to which this insurance may apply." The other uses of "loss" in this section similarly refer to the result of the harm or damage sustained by the insured or the insured's property.

Rosenberg-Wohl also mischaracterizes the sole insurance policy case she cites to support her position that "loss" means "date of denial of insurance coverage." In *Singh v. Allstate Insurance Company*, 63 Cal. App. 4th 135, 137 (1998), the insureds sued their insurer, Allstate, when it denied coverage for fire loss of the house on their property. The house was damaged by a fire that vandals started in the early morning of April 27, 1994 and the plaintiffs presented the claim to Allstate the same day. *Id*. at 138, 140. Allstate denied the claim on November 9, 1994. The plaintiffs requested reconsideration of the claim on February 21, 1995, and Allstate again denied the claim on March 22, 1995. *Id*. at 138-39. The plaintiffs filed suit against Allstate on December 5, 1995 and Allstate moved for summary judgment on the ground that the complaint was time-barred under the one-year period to file suit in the insurance policy. The court granted the motion for summary judgment on the ground of untimeliness and the plaintiffs appealed. *Id*. at 139.

The court of appeals affirmed on the ground that the complaint was time-barred. The court held that the one-year period was equitably tolled between the date that the plaintiffs notified Allstate of the loss, April 27, 1994, and the denial of the claim on November 9, 1994. Therefore,

11

the court held, the plaintiffs "had one year from the date their claim was denied, i.e., until November 9, 1995, to file their action." *Id*. at 140. The court also held that the doctrine of equitable tolling did not apply to the "reconsideration" period between February 21, 1995 and March 22, 1995. *Id*. at 141-48. Contrary to Rosenberg-Wahl's contention, the court in *Singh* did *not* determine that the plaintiffs' "date of loss . . . was keyed to the denial of coverage." *See* Opp'n 3. Rather, the one-year period to file suit began running as of the date of the denial in *Singh* because the plaintiffs filed their insurance claim on the same date as the fire damage. The one-year period did not begin until the claim was denied since it was equitably tolled while Allstate considered the claim.[4]

In sum, the court concludes that the term "loss or damage" in the Suit Against Us provision is not reasonably susceptible to the interpretation offered by Rosenberg-Wohl and is not ambiguous as a matter of law. Moreover, Rosenberg-Wohl fails to explain how discovery would assist in clarifying any ambiguity; she simply speculates about the existence of "the insurer's internal deliberations about the meaning of that policy language." Opp'n 5-6. This is insufficient. *See, e.g., W. Marine Prod., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 5:21-CV-01940-EJD, 2021 WL 5447007, at *4 (N.D. Cal. Nov. 22, 2021) (concluding that insurance policies were not ambiguous and denying plaintiff leave to conduct discovery to pursue extrinsic evidence in the absence of its articulation of "a plausible claim that extrinsic evidence renders the contract ambiguous" (quotation marks and citation omitted)).

Accordingly, "the one-year limitations period began to run on April 23, 2019, the date [Rosenberg-Wohl] alleges she was aware of the problem with the stairs and began to replace

---

[4] Rosenberg-Wohl cites two other cases in support of her claim that the one-year period starts running from the date of denial of coverage. Opp'n 4-5. Both are inapposite as they do not address the one-year suit provision in fire insurance or homeowners' policies. In *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1501 (9th Cir. 1984), the Ninth Circuit held that "an ERISA cause of action based on a denial of benefits accrues at the time the benefits are denied. This rule reflects a concern that it would be burdensome and unfair to require lay participants and beneficiaries to be constantly alert for possible errors or abuses that might give rise to a claim and start the statute of limitations running." Similarly, the court in *Densberger v. Sutter Home Winery Long Term Disability Benefits Plan*, No. C 99-0625 CRB, 1999 WL 592198, at *3 (N.D. Cal. Aug. 2, 1999), examined the statute of limitations for an action to recover benefits under ERISA.

them," because that is the "date of loss or damage" within the meaning of the Suit Against Us provision. *Rosenberg-Wohl*, 2021 WL 4243389, at *5. As explained above, the limitations period was tolled for the 18 days that State Farm was considering the claim until it was denied. Rosenberg-Wohl was therefore required to file suit based on the denial of coverage by May 11, 2020. She contends that her suit is timely because "State Farm expressly extended the running of the statute [of limitations]" by reopening her claim and/or that it waived the issue by communicating with her after the denial without referencing the statute of limitations. *Id*. at ¶¶ 13-15, 22. However, these actions took place after the one-year limitations period expired on May 11, 2020. As the court previously found, they "cannot amount to waiver as a matter of law." *Rosenberg-Wohl*, 2021 WL 4243389, at *6 (citations omitted).

Rosenberg-Wohl's breach of contract claim is time-barred as it was not filed within the one-year limitations period set forth in the policy's Suit Against Us provision. The breach of the implied covenant of good faith and fair dealing claim is also time barred. *See id*. at *7 (citing *Sullivan v. Allstate Ins. Co*., 964 F. Supp. 1407, 1414-15 (C.D. Cal. 1997)). As Rosenberg-Wohl has already been given an opportunity to amend the complaint to state a claim but failed to do so, the dismissal is with prejudice.

## V.     CONCLUSION

For the foregoing reasons, State Farm's motion to dismiss the SAC is granted. The SAC is dismissed with prejudice. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 28, 2022



Donna M. Ryu
United States Magistrate Judge